IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:07CR115-1 |
| v. | : | |
| DAVID CAMPBELL JONES | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, DAVID CAMPBELL JONES, in his own person and through his attorney, Sydenham B. Alexander, Jr., and state as follows:

1. The defendant, DAVID CAMPBELL JONES, is presently under Indictment in case number 1:07CR115-1, which in Count One charges him with a violation of Title 18, United States Code, Section 2422(b), enticement of a minor; and which in Count Two charges him with a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), possession of child pornography.

2. The defendant, DAVID CAMPBELL JONES, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, DAVID CAMPBELL JONES, understands that, as to Count One of the Indictment herein, he shall be

sentenced to a term of imprisonment of not less than ten years to life, a fine not to exceed $250,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years and up to life, in addition to such term of imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

b. The defendant, DAVID CAMPBELL JONES, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offense charged in Count One in the Indictment.

c. The defendant, DAVID CAMPBELL JONES, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, DAVID CAMPBELL JONES, as to Count One of the Indictment herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DAVID CAMPBELL JONES, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, DAVID CAMPBELL JONES, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, DAVID CAMPBELL JONES. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, DAVID CAMPBELL JONES,

3

qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

  c. Upon acceptance by the Court of a guilty plea by the defendant, DAVID CAMPBELL JONES, as to Count One of the Indictment herein, the United States agrees that, once the Court has determined the applicable advisory guideline range, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable advisory guideline range. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The defendant, DAVID CAMPBELL JONES, understands that this recommendation is not binding on the Court. The defendant, DAVID CAMPBELL JONES, further understands that the Court's failure to follow the United States' recommendation is not a basis for the defendant, DAVID CAMPBELL JONES, to withdraw his plea of guilty.

  6. It is further understood that the United States and the defendant, DAVID CAMPBELL JONES, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, DAVID CAMPBELL JONES, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

5

entered into unless executed in writing and signed by all the parties.

This the 3rd day of May, 2007.

ANNA MILLS WAGONER  
United States Attorney

*/s/ Sydenham B. Alexander, Jr.*  
SYDENHAM B. ALEXANDER, JR.  
Attorney for Defendant

*/s/ Michael A. DeFranco*  
MICHAEL A. DeFRANCO  
NCSB # 23072  
Assistant United States Attorney

P. O. Box 1858  
Greensboro, NC 27402

336/333-5351

*/s/ David Campbell Jones*  
DAVID CAMPBELL JONES  
Defendant

6